Elizabeth L. Johnson vs. Narragansett Filling Stations, Inc. } No. 70487

February 18, 1929.

CAPOTOSTO, J. The plaintiff recovered a verdict of $1,150 in an action for negligence. The defendant moves for a new trial.

The injuries complained of were caused, according to the plaintiff, by her stepping upon a slippery substance, presumably oil, which the defendant's servant was washing off the sidewalk from in front of the defendant's filling station.

The defendant contends that the plaintiff was guilty of contributory

negligence. Whether or not the plaintiff was in fact negligent in proceeding along the sidewalk in question on Broad street in the City of Cranston in the early afternoon of April 22, 1926, was primarily a question of fact for the jury. The defendant, through its agents, undertook to remove a greasy substance from in front of its premises by a method which tended to disguise its danger. Under the circumstances a jury's determination of the degree of prudence actually exercised by the plaintiff was eminently desirable.

The defendant also maintains that the damages are excessive. The plaintiff claimed as injuries a bruise on the left hip, a wrenched back and carbuncles, which appeared and necessitated an operation some time after the accident. Morton F. Frost, the plaintiff's physician, maintains that the carbuncles can reasonably be traced to the accident, attributing as their cause either nervousness or infection. Dr. William H. Palmer, testifying for the defendant, claims that the carbuncles had no relation in fact to the injuries which the plaintiff sustained. Under this square conflict of opinion a layman can probably be right by accepting either view.

Even if we disregard the evidence as to the carbuncles, the jury's verdict can still be sustained. The plaintiff claims that her back still troubles her to the extent of preventing her from doing any heavy work. This, according to her, impairs her earning capacity as house-maid. All things considered, the jury's verdict on the question of damages is not so exorbitant as to be unjust under any view of the testimony.

Motion for new trial denied.

For plaintiff: R. M. Greenlaw, W. J. Hennessey.

For defendant: Charles H. Eden.